BLD-159                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1346
_____

UNITED STATES OF AMERICA

v.

GARY RAMSEY,
also known as ROCK,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:01-cr-00005-004)
District Judge:  Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2022
Before:  McKee, Greenaway, Jr. and Porter, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 27, 2022)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Gary Ramsey appeals from the District Court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1).  The Government has

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.[1]

Ramsey committed violent armed robberies of two banks, one of which involved him setting a nearby, empty, elementary school on fire. After a trial in 2001, a jury found him guilty of multiple offenses related to those events, and the District Court imposed a sentence of 75 years' imprisonment. Ramsey's direct appeal and post-conviction efforts were unsuccessful. Including good time, Ramsey has served more than 23 years of his sentence. The Bureau of Prisons forecasts his release date to be October 7, 2065.

In September 2020, Ramsey filed a counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that he suffered untreated, lingering health effects from contracting COVID-19 earlier in the year, that underlying medical conditions put him at risk of severe disease should he contract the virus again, and that he had made much progress in his rehabilitation efforts. The District Court ruled that these did not constitute "extraordinary and compelling reason[s]" for compassionate release under § 3582(c)(1)(A), and it denied the motion in December 2020. See ECF No. 494. Ramsey next filed a supplement to his motion in which he sought relief from the stacked consecutive sentences imposed for his convictions under 18 U.S.C. § 924(c). The District Court rejected that ground, too, in January 2021. See ECF No. 500.

---

[1] We also grant the Government's request for leave to file its motion for summary affirmance. See Appellees' Motion at 11 n.2. The Government filed its motion on April 6, which preceded the deadline for Ramsey to file his brief—April 11. See 3d Cir. L.A.R. 27.4(b) (providing that a motion for summary action should be filed "before appellant's brief is due").

In February 2022, Ramsey, proceeding pro se, filed the motion for compassionate release at issue here. His motion amplified arguments that he had made in previous filings: (1) that he has an increased chance of complications from COVID-19 if reinfected due to his health conditions; (2) the change in law concerning the stacking of sentences imposed for his convictions under § 924(c) entitled him to relief; and (3) that he has made great progress in his rehabilitation, including a recent classification by the Bureau of Prisons that he is a low level recidivism risk. He also argued that: (4) he needs to care for an ill family member; (5) he committed the offenses at an impressionable age; and (6) the court should lift the stay of his 28 U.S.C. § 2255 motion, which concerns a claim that his conviction under § 924(c) is invalid in light of Supreme Court rulings. The Government opposed Ramsey's motion.

The District Court denied relief. It rejected Ramsey's repeated claim that he has an increased risk of COVID complications due to his hypertension and obesity, pointing out that Ramsey is fully vaccinated, and his health conditions did not provide a compelling reason for release. The District Court explained that, in United States v. Andrews, 12 F.4th 255, 261 (3d Cir. 2021), this Court had rejected the argument that the nonretroactive changes to § 924(c) through the First Step Act qualified as "extraordinary and compelling" reasons under § 3582, and that Ramsey's rehabilitative efforts, while laudable, also did not meet the § 3582 criteria for granting relief, see D. Ct. Order at 4 (citing 28 U.S.C. § 994(t), which provides that rehabilitation alone cannot constitute "extraordinary and compelling" reasons). The District Court further ruled that neither

3

Ramsey's family circumstances nor his age at the time of the crimes (30 years old) warranted compassionate release. Id. at 3-4. Turning to the consideration of sentencing factors, the District Court held that those factors "continue to weigh against Ramsey's release," because of his violent crimes. Id. at 4. Finally, the Court explained that, to the extent that Ramsey argued that he was improperly convicted of multiple § 924(c) counts, that claim had to be adjudicated through Ramsey's pending motion under 28 U.S.C. § 2255 instead of a compassionate release motion, and further, it denied Ramsey's request to lift the stay of that motion pending the developments of a related case before the Supreme Court.[2] This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for an abuse of decision, see Andrews, 12 F.4th at 259, and we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (cleaned up). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] The District Court denied Ramsey's request to lift the stay of his § 2255 motion pending further proceedings in United States v. Walker, 990 F.3d 316 (3d Cir. 2021), petition for cert. filed, Jul. 26, 2021 (No. 21-102). The District Court noted that the Supreme Court heard argument in December 2021 in a related case, United States v. Taylor, 141 S. Ct. 2882 (U.S. Jul. 2, 2021) (No. 20-1459), and ordered the § 2255 motion to remain stayed pending a decision in Taylor. Ramsey did not raise this issue in his opening brief in this Court, but in any event, we note that courts generally have broad discretion to make case management decisions. See generally United States v. Washington, 869 F.3d 193, 220 (3d Cir. 2017) (referring to the district courts' authority).

We discern no abuse of discretion by the District Court in its conclusion that Ramsey is not entitled to compassionate release, and we agree with the reasoning in its February 8, 2022 Order. Absent an extraordinary and compelling reason, a District Court may not grant compassionate release under § 3582(c)(1)(A)(i). Ramsey has not persuasively argued that the District Court made an error of judgment by deciding that none of Ramsey's cited reasons for release met the "extraordinary and compelling" standard in § 3582(c)(1).

On appeal, Ramsey contends that the District Court did not consider all issues raised in his most recent § 3582(c)(1) motion. He argues that the District Court should have analyzed the alleged sentencing disparity and his latest marker of rehabilitation, a December 2021 classification as a low-level recidivism risk, within the § 3553(a) sentencing factors. However, in light of the fact that Ramsey did not demonstrate an extraordinary and compelling reason for granting release, whether the § 3553(a) factors balanced in his favor is beside the point. See generally Andrews, 12 F.4th at 262 ("If a prisoner *successfully* shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors.") (emphasis added).

Accordingly, we will affirm the District Court's order.